IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| XIOMARA SANTIAGO<br><br>Plaintiff,<br><br>v.<br><br>MUNICIPALITY OF UTUADO<br>Defendant | CIVIL NO.<br><br>Civil Rights Violations<br><br>Jury Trial Requested |

**VERIFIED COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW** the plaintiff, through the undersigned attorney, and respectfully states, alleges and prays as follows:

**JURISDICTIONAL STATEMENT**

1. This is a civil action filed by Xiomara Santiago (hereinafter referred to as "Ms. Santiago" or "Plaintiff"), a former employee of the Municipality of Utuado. Ms. Santiago alleges that because of her active participation in the 2020 political campaign of former Utuado's Mayor, Ernesto Irizarry, against his contender, current Mayor of Utuado Jorge Pérez Heredia, she was subject to a discriminatory policy and practice that ultimately concluded in her dismissal from employment at the Municipality. The policy, pattern and practice implemented by the Municipality new incumbent Mayor Pérez included a smearing campaign against Ms. Santiago that began before the 2020 elections continuing during the campaign and ended with Ms. Santiago's employment termination because of her political expressions and believes in violation of the United States Constitution and other statutory provisions. Ms. Santiago alleges violations under the First Amendment of the Constitution of the United States, as well as violations under the laws and

1

Constitution of the Commonwealth of Puerto Rico, and prays for equitable relief in the form of full reinstatement of all the functions and authority of her position as Deputy Director of the Head Start program of the Municipality of Utuado, and legal relief in the form of economic and punitive damages in the amount of no less than $2,000,000.00, pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1983. As this is a civil action brought pursuant to the laws and Constitution of the United States, this Court has jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over all claims arising under of the laws and Constitution of Puerto Rico pursuant to 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b).

## THE PARTIES

2.      Plaintiff, Xiomara Santiago, is a United States citizen, resident of the Commonwealth of Puerto Rico and has been a Municipality employee since 2013 and was discriminatorily terminated from her employment by Mayor Pérez effective on March 5, 2021.

3.      Plaintiff is a lifelong member of the Popular Democratic Party (PPD in Spanish)). At all times relevant, she has been an open and known member of the PDP, including at the time of her employment termination.

4.      The Municipality of Utuado is one on the seventy-eight municipalities of the Commonwealth of Puerto Rico and is a person for purposes of 42 U.S.C. § 1983.

5.      The Municipality of Utuado is the regulatory concessionaire for the Head Start and Early Head Start Program for the municipalities of Utuado, Anjuntas and Jayuya (the Head Start and Early Head Start Program).

6.      As an agency, as defined by, 45 C.F.R. § 1305.2, the Head Start and Early Head Start Program must establish and maintain a formal structure for programed governance that includes a

governing body, a policy council at the agency level and policy committee at the delegate level, and a parent committee. Governing bodies have a legal and fiscal responsibility to administer and oversee the agency's Head Start and Early Head Start programs. Policy councils are responsible for the direction of the agency's Head Start and Early Head Start programs.  45 C.F.R. § 1301.1

7.  Jorge Pérez Heredia (Mayor Pérez) is the Mayor of the Municipality of Utuado.

8.  Mayor Pérez is the ultimate appointing authority, the highest policy officer, and, thus, the highest policy maker of the Municipality of Utuado. Consequently, the Municipality of Utuado is liable for the actions performed by Mayor Pérez.

9.  Mayor Pérez is a member of the New Progressive Party (PNP in Spanish) under which ticket he successfully ran for Mayor in the 2020 elections.

10.  Mayor Pérez and Plaintiff know each other at least since High School. They share each other contacts in their respective cellular phones.

11.  By Mayor Pérez's own admissions at all relevant times, he was fully aware of pMs. Santiago's political affiliation and her direct participation in Mayor Pérez's contender political campaign, former Utuado Mayor Ernesto Irizarry.

## STATEMENT OF FACTS

12.   Ms. Santiago holds magna cum laude bachelor's degree in Pre-School Education from National University College.  She also has graduated credits towards the master's degree in Pre-School Supervision and Management.

13. Plaintiff began working in the Municipality of Utuado in 2013 as Director of the Department of Ornate and Recycling (the Department). As Director, she was in charge of the overall operations of the Department including, but not limited to, the supervision of a group of approximately twenty-three (23) employees. Ms. Santiago performed her duties as Director diligently and satisfactorily.

14. During the second half of 2018 Ms. Santiago suffered a personal tragedy consisting in the loss of her only son who passed away at the age of seventeen. As part of the mourning/healing process and in a way of dealing with her tragedy, plaintiff decided to change environment at least for some time. She left Department, and in 2019 went to work for a private institution in Ponce as a Pre-school teacher.

15. Plaintiff worked in Ponce until around August 1, 2020 when she returned to work to the Municipality of Utuado as Subdirector of the Head Start and Early Head Start Program. As part of the procedure to be hired, Ms. Santiago had to be evaluated and her hiring was approved by the parent's council. She therefore signed a contract with the Municipality of Utuado to be effective from August 1, until December 31, 2020. (the First Contract)

16. Her performance as Subdirector was excellent and, subsequently, in December she signed another contract with the Municipality of Utuado to be effective this time from January 1 until December 31, 2021 (the Employment Contract).

17. The Municipality of Utuado obtained special leave (dispensa) from the Office of Management and Transformation of Human Resources of the Government of Puerto for plaintiff's employment contract, as well as for the other approximately two hundred and 238 employees of the Head Start and Early Head Start Program.

18. As Subdirector of the Head Start and Early Head Start Program, Ms. Santiago was happy there. She was bonding there. She was performing her duties excellently.

19. During the weeks prior to the 2020 general elections, Ms. Santiago was active in the campaign for the re-election to then Mayor Ernesto Irizarry for the Popular Democratic Party. Now Mayor Pérez was likewise active running for his election in the opposite New Progressive Party ticket. Now Mayor Pérez was at the time, and still is, fully aware of Ms. Santiago's political activities.

20. During that period, on or around October 23, 2020, Ms. Santiago received in her cell phone a text message from Mayor Pérez. The text message stated as follows: "Greetings, I only ask you to do the things [right] friend". ("Saludos, solo te pido que hagas las cosas [bien] amiga". As if she was doing something wrong.

21. Plaintiff called him immediately to inquire about the purpose and the meaning of the text message. In the telephone conversation Mayor Pérez admitted sending the message and threatened Ms. Santiago by falsely telling her that he had a list Popular Democratic Party activist that included her, and that allegedly were being investigated by the federal authorities for electoral fraud. The only list that could ever exist was the one used by Mayor Pérez to blacklist his political opponents, including plaintiff, since she was never investigated for, let alone did, any sort of electoral fraud. Obviously, he was and is not happy with Ms. Santiago's political activities.

22. Mayor Pérez won the 2020 elections and, in January 11, 2021, took office as Mayor of the Municipality of Utuado. Since then, he initiated a plan to eliminate Ms. Santiago as subdirector of the Head Start & Early Head Start Program, because or her political convictions.

23. Manuel Mena Berdecía (Mr. Mena), is a person with a long history of obtaining service, consulting and/or technical contracts with government entities dominated by members of the New Progressive Party or NPP administrations. He has generated at least hundreds of thousands of dollars in income from those contracts.

24. Mr. Mena is a sympathizer, activist and/or donor of the New Progressive Party, Mayor Mena's party.

25. Mr. Mena can be considered a political broker because he uses his political connections to obtain contracts and/or profits.

26. Mayor Pérez has an awfully close personal relationship with Mr. Mena, to the extent that he has referred to him as a father.

27. The relationship is so close that, without giving him any kind of employment, contract or formal relationship with the Municipality of Utuado, Mayor Pérez, right after he took office, informally placed Mr. Mena with full authority in key functions within the Head Start and Early Head Start Program on a "volunteer" basis, calling Mr. Mena in memoranda, paperwork and/or other means with, titles like "liaison", "person in charge" ("encargardo"), "interim director" or "person in charge of the Head Start and Early Head Start Program".  The truth of the matter is that Mr. Mena is not only the de facto director of the Head Start and Early Head Start Program in circumspection of the legal, statutory and/or regulatory requirements, but also the person placed by Mayor Pérez to protect his personal and political interests.

28. Four days after taking office, on January 15, 2021, Mayor Pérez informally "appointed" Mr. Mena as the "interim director", and"/or "person in charge" of the Head Start and Early Head Start Program, when the actual duly appointed director was Mr. Christian L. Quiñones Figueroa.

Mr. Quiñones is a person with vast knowledge and experience in the administration of head start programs.  Mr. Quiñones is no longer working in the Head Start and Early Head Start Program.

29. Mayor Pérez, directly or with the help to Mr. Mena, has incurred in a pattern of conduct not only detrimental to the Head Start and Early Head Start Program, but also to politically harass and discriminate against employees that do not support him politically or with opposite political convictions as plaintiff.

30. As soon as he took office, Mayor Pérez deprive plaintiff of the basic functions of her position, with no legal or appropriate grounds to do so.

31. On February 26, 2021 Mayor Pérez signed a letter informing Ms. Santiago of her termination effective of March 5, 2021.

32. The letter stated that in a meeting held on February 11, 2021, a "Board of Government" upon request of Mayor Pérez, decided the removal and dismissal of Ms. Santiago, as Subdirector of the Head Start and Early Head Start Program.  The letter failed to set forth any reason for the dismissal and early termination or her employment.

33 Even assuming that there was a board meeting for the purposes of the February 26, 2021 letter, which is denied, said Board of Government acted illegally and ultra vires, because at the time of the alleged meeting, February 11, 2021 it was not legally constituted.  Even so, it acted as a whitewash of Mayor Pérez's discriminatory employment actions against plaintiff.

34. The employment contract provided only five reasons for its termination.  None of these reasons exist in the present case and whatever reason used by Mayor Pérez is a mere pretext to hide his actual discriminatory purposes against Ms. Santiago.

35. No administrative hearing whatsoever was offered to plaintiff in regard to her employment termination, even thought, under the terms of the employment contract, she had an expectation of employment at least until December 31, 2021, almost ten months after the termination. It is important to point out the contract had no provision granting the Municipality of Utuado the prerogative to terminate the employment contract upon, for instance, a period 30 days' notice. The reasons for termination were specifically provided in the contract, and none of the same occurred in plaintiff's case. And plaintiff had no hearing or any other administrative procedural opportunity to confront those causes even assuming, only for the sake of argument, that any of those cause existed.

36. In a radio interview Mayor Pérez admitted that he did not follow the Head Start Procedure by not obtaining approval of the Parents council in the dismissal of Ms. Santiago, referring to plaintiff as part of a group 'that carried the bags for Ernesto, (referring to former PDP Mayor Ernesto Irizarry) [and] Ernesto is no longer here…". ("que le cargaba las maletas a Ernesto, ya Ernesto no está…")

37. The illegal actions performed by Mayor Pérez against Ms. Santiago, are part of a scheme designed of by Mayor Pérez and other persons acting on his behalf in other aspects of the operations of the Head Start & Early Head Start Program that will result in serious harm for said entity and the children on which behave it operates.

38. By the same token, he discriminatory and illegal dismissal of Ms. Santiago may place in jeopardy the general operations of the Head Start & Early Head Start Program not only by losing a substantial amount of federal funds, but also by discrediting the entity before the federal

government. Thus, the adjudication of a legal remedy in favor of plaintiff's constitutional rights will not only benefit Ms. Santiago but will also benefit the public interest.

39. During Ms. Santiago's employment with the Municipality, she never incurred in any act that could justify the way that she was fired by Mayor Pérez. All the abusive actions against her, were because of her political affiliation and activism in favor of former Mayor Ernesto Irizarry.

40. Thus, the political discrimination perpetrated against Plaintiff goes beyond any individual capacity Defendant: Defendant the Municipality of Utuado has institutionalized a discrimination and intolerance policy geared to punish known members of the PDP that have openly and actively made campaign in favor of Ernesto Irizarry solely because of their political beliefs.

41. All in all, Plaintiff Santiago has been punished in the exercise of civil rights because she is not a member of the political party of Mayor Pérez, and because of her active and open support in favor Ernesto Irizarry and against Mayor Pérez.

42. At all times, all of the actions taken by Mayor Pérez have been done in conjunction with Mr. Mena, each other in a full fledge conspiracy to discriminate against Plaintiff. Each of them in conspiracy acting under of color of law, have basically ignored Plaintiff's career employment rights and curtailed her from carrying out her official duties thus purposely taking, promoting, allowing, or tacitly acquiescing to the adverse employment actions taken against her on the sole basis of his known political affiliation too the PDP and his open and active support in favor of former Mayor Ernesto Irizarry, and in obvious violation to her acquired rights under Puerto Rico Law and the protections afforded to her by the Constitution.

**FIRST CAUSE OF ACTION**
**FIRST AND FOURTEENTH AMENDMENT**
**TO THE UNITED STATES CONSTITUTION**

42. Plaintiff repeats and incorporates all the allegations contained thus far as set forth fully herein. The foregoing evidence that the Defendant, under color of law of their respective positions, have willfully and/or with deliberate indifference violated the Plaintiff's rights under the First and Fourteenth Amendments (freedom of speech/association and equal protection) of the United States Constitution.

43. As a result of the Defendant unconstitutional and illegal conduct, including conspiring to do so, Plaintiff has been discriminatorily treated because of her political affiliation to the PDP and his open and active support of the political against Mayor Pérez main contender, Ernesto Irizarry. All the above-mentioned actions have caused irreparable and continuing harm to Plaintiff, emotionally, economically and in her civil rights. Such damages are estimated in an amount of no less than $2,000,000.00. In addition, the Plaintiff prays for preliminary and permanent injunctive relief reinstating all the duties inherent to his career position and prohibiting Defendants from affecting his employment in the future because of his political affiliation to the Popular Democratic Party and his support in favor of Ernesto Irizarry.

44. In addition, because Defendants have acted with deliberate indifference towards Plaintiff's constitutional rights, he is entitled to punitive damages in the amount of no less than $2,000,000.00.

**SECOND CAUSE OF ACTION**
**FOURTEENTH AMENDMENT**
**TO THE UNITED STATES CONSTITUTION**

42. Plaintiff repeats and incorporates all the allegations contained thus far as set forth fully herein. The foregoing evidence that the Defendant, under color of law of their respective positions,

have willfully and/or with deliberate indifference violated the Plaintiff's rights under the Fourteenth Amendments (procedural due process) of the United States Constitution.

45. Plaintiff had a protected property interest and an expectation of continued employment at least until December 31, 2021, as a means of livelihood. Nor reasons for her dismissal were informed, let alone any charges or any opportunity to set forth her side of the story, she was deprived of said property interest without having any kind of administrative hearing, neither before nor after being fired. Thus, her procedural due rights been violated.

46. In addition, because Defendants have acted with deliberate indifference towards Plaintiff's constitutional rights, he is entitled to punitive damages in the amount of no less than $2,000,000.00.

### TTIRD CAUSE OF ACTION:
### LAWS AND CONSTITUTION OF PUERTO RICO

47. Plaintiff repeats and incorporates all the allegations contained thus far as set forth fully herein. The foregoing evidence that the Defendants, under color of law of their respective positions, have willfully and/or with deliberate indifference violated the Plaintiff's rights under the Constitution and laws of the Commonwealth of Puerto Rico, specifically Sections1, 4, 6 and 7 of Article II of the Constitution of Puerto Rico and Articles 1802 and 1803 of the Civil Code § 5141 and 5142 of Title 31.

48. As a result of the Defendants' unconstitutional and illegal conduct, Plaintiff has been discriminatorily treated in his employment, and caused irreparable and continuing harm, emotionally, economically and in his civil rights, in the amount of no less than $2,000,000.00. In addition, the plaintiff prays for preliminary and permanent injunctive relief reinstating all the duties inherent to his career position and prohibiting Defendants from affecting his employment

because of his political affiliation to the Popular Democratic Party and his open and active support of Ernesto Irizarry.

## JURY DEMAND

Trial by Jury is requested in all causes of action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that the Court:

1. Find that the Defendant have violated Plaintiff's right under the First and Fourteenth Amendment clauses of the United States Constitution; as well as under the laws and Constitution of the Commonwealth of Puerto Rico;

2. Grant preliminary and permanent injunction reinstating the Plaintiff to her position, with full back pay and any other applicable benefits; and prohibiting, restraining, and enjoining the defendant, agents or anyone acting in concert with them or pursuant to their orders, or their successors in any representative capacity from violating any Constitutional and statutory rights of the Plaintiff.

3. Award damages to Plaintiff in an amount no less than $2,000,000.00 for pain and suffering and other damages suffered because of the defendant unconstitutional conduct.

4. Award punitive damages to the Plaintiff in an amount no less than $2,000,000.00 or in such amount as may be deemed appropriate.

5. Award prejudgment interest.

6. Award Plaintiff's attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

7. Award such other and further relief as may be deemed just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 29th day of March 2021.

**NOTICE OF ELECTRONIC FILING**

**WE HEREBY CERTIFY:** That on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Frontera Suau Law Offices, PSC**
239 Alterial Hostos Avenue Suite 305
San Juan, Puerto Rico 00936-4225
Telephone: (787) 250-1420
Fax: (787) 763-3286

By: **s/ Juan Manuel Frontera-Suau**
Juan Manuel Frontera-Suau
USDC-PR No. 214905
fronterasuau@yahoo.com

**s/ Kenneth Colón**
Kenneth Colón
USDC-PR No. 202813
kenneth.colon@icepr.com
